**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

APR 13 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30108 |
| Plaintiff - Appellee, | D.C. No. 9:14-cr-00033-DLC-1 |
| v. | MEMORANDUM[*] |
| ALLEN J. RANKIN, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Malloy, Senior District Judge, Presiding

Submitted April 5, 2016[**]
Seattle, Washington

Before: GILMAN,[***] RAWLINSON, and CALLAHAN, Circuit Judges.

Allen J. Rankin was arrested in August 2013 for stealing checks from

mailboxes in Montana, "washing" those checks to alter their information, and then

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

[***] The Honorable Ronald Lee Gilman, Senior Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation.

using them to fraudulently obtain cash, goods, and services. Rankin subsequently pleaded guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343, and to one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A.

The Presentence Report (PSR) calculated the loss amount as $35,415. At sentencing, Rankin specifically objected to $4,888 of that amount, leaving $30,527 without specific objections. Overruling Rankin's objections, the district court declared that "the Government has met its burden based upon the unobjected factors that are set forth in paragraphs 7 through 23 of the [PSR] to establish that the loss amount is, if not precisely $35,415, . . . closer to that number than . . . $30,527." The court then explained that "the response to the objection that is set forth in the addendum to the [PSR] . . . answers specifically the objections made."

In overruling Rankin's objections concerning the standard of proof required for the loss-amount enhancement, the district court stated:

> I think that [the government] is correct, that the loss amount is determined based upon a preponderance of evidence. . . . I think if it was a clear and convincing standard, I am convinced . . . that the loss calculation or the intended loss is accurate.

The court therefore applied the then-applicable Guidelines' six-level enhancement for an amount of loss greater than $30,000 to the base offense level for the wire-fraud count. *See* USSG § 2B1.1(b)(1)(D).

Next, the district court calculated the applicable Guidelines range as 37 to 46 months of imprisonment and sentenced Rankin to the top of the range on the wire-fraud count. Combined with the mandatory consecutive sentence of 24 months on the aggravated-identity-theft count, Rankin's total sentence was 70 months. *See* 18 U.S.C. § 1028A(a)–(b). Rankin now timely appeals his sentence.

"We review the district court's interpretation of the Sentencing Guidelines de novo and the district court's factual findings for clear error." *United States v. Hornbuckle*, 784 F.3d 549, 553 (9th Cir. 2015) (citation and ellipsis omitted). There exists "an intracircuit conflict as to whether the standard of review for application of the Guidelines to the facts is de novo or abuse of discretion." *Id.* (citation omitted). "We need not resolve that conflict here because[,] as in other cases, 'the choice of standard does not affect the outcome of this case.'" *Id.* (citation and ellipsis omitted). Turning to the standard of proof required by due process, a district court's determination of the appropriate standard is subject to de novo review. *United States v. Treadwell*, 593 F.3d 990, 1000 (9th Cir. 2010).

"The district court must correctly calculate the recommended Guidelines sentence" before sentencing a defendant. *United States v. Hymas*, 780 F.3d 1285, 1292 (9th Cir. 2015) (brackets and citation omitted). Rankin argues that the court should have evaluated the applicability of the six-level loss-amount enhancement

based on clear and convincing evidence instead of a preponderance of the evidence.

Although "[d]istrict courts generally use the 'preponderance of the evidence standard of proof when finding facts at sentencing,'" "[t]he higher clear and convincing standard may apply . . . 'when a sentencing factor has an extremely disproportionate effect on the sentence relative to the offense of conviction.'" *Id.* at 1289 (citations omitted). This higher standard "indicates that the thing to be proved is highly probable or reasonably certain." *United States v. Jordan*, 256 F.3d 922, 930 (9th Cir. 2001) (brackets and citation omitted).

We need not determine which standard of proof is appropriate in the present case because, even assuming without deciding that the clear-and-convincing-evidence standard should apply, any error was harmless. *See Hymas*, 780 F.3d. at 1292 (noting the propriety of harmless-error analysis when the error would have resulted in the same Guidelines range). The *Hymas* court declined to find harmless error because, although "[s]ometimes a district court says in finding a loss amount that it would reach the same result under either standard, . . . the court in this instance did not." *Id.* Unlike in *Hymas*, however, the district court in the present case did declare that it would have reached the same conclusion even if the clear-

and-convincing-evidence standard applied. Rankin's claim regarding the standard of proof therefore fails because any alleged error was harmless.

When calculating a loss amount resulting from fraud, the district court is required to "make a reasonable estimate of the loss." *Treadwell*, 593 F.3d at 1003 (citation omitted). The Guidelines define "actual loss" "as the 'reasonably foreseeable pecuniary harm that resulted from the offense.'" *Id.* (citation omitted). "[O]ther 'relevant conduct,' separate from the specific activity that is the subject of the criminal conviction, may be considered in imposing a sentence." *Hymas*, 780 F.3d at 1288. Rankin argues that the district court lacked specific evidence sufficient to conclude that the loss amount was greater than $30,000.

In reaching its conclusion that the loss amount was greater than $30,000, the district court adopted the factual findings in paragraphs 7–23 of the PSR. Nothing in the record indicates that these factual findings are clearly erroneous. Moreover, the court concluded that the U.S. Probation Office's responses in the addendum to the PSR "answer[ed] specifically the objections made" by Rankin to the loss-amount calculation. The record was therefore sufficient for the district court to conclude that the loss amount was greater than $30,000 under the clear-and-convincing-evidence standard.

For all of the above reasons, **WE AFFIRM**.